IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-783-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record, ECF No. 8, (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this report and recommendation.

## PROCEDURAL HISTORY

Plaintiff's DIB application was denied initially and on reconsideration at the administrative level. At his request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ). Plaintiff and a vocational expert (VE) testified at the

hearing. (TR. 28-47). The ALJ issued an unfavorable decision on November 18, 2011. (TR. 11-23). Plaintiff appealed the ALJ's unfavorable decision to the Social Security Appeals Council which found no reason to review the ALJ's decision. (TR. 1-5). This judicial appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. See *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quotation omitted). "Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's application for DIB, the ALJ followed the sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ found that, Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date of November 24, 2009. (TR. 13). At step two, the ALJ determined that Plaintiff has severe

impairments consisting of ankylosing spondylitis, hypertension, insulin dependent diabetes, cirrhosis of the liver, neck and back fusion, chronic pain, and memory problems. (TR. 14). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 18).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He would be able to occasionally lift up to 20 pounds; and frequently lift 10 pounds. He would be able to stand and/or walk about 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. He would be able to perform simple and some complex tasks. He would have some limitations in turning the neck from side to side. He would be able to remember, understand, and carry out simple and complex instructions. He would be able to perform ordinary routines without supervision. He would be able to work in proximity of others without being distracted.

(TR. 20). At the second phase of step four, the ALJ asked the VE to identify Plaintiff's past relevant work. The VE testified that Plaintiff's past relevant work, consisted of retail manager, meat sales representative, retail sales associate, and telemarketer. (TR. 43-44). The ALJ posed the following hypothetical to the VE:

> ALJ: Okay. As a hypothetical, consider a person, age 53 with two years of college and the work experience you've just identified for the claimant. Limited to a wide range of light work as defined in the Social Security Regulations, and further limited to simple and some complex tasks. Could such a

3

> person perform any of claimant's past work as actually performed by him?
>
> VE: The telemarketer position would be the only one.

(TR. 44). In response to the ALJ's question regarding other jobs existing in the regional or national economy that the hypothetical person with the aforementioned limitations could perform, the VE identified bottling line attendant, syphon operator, and inspector and hand packager. *Id.*

The ALJ then posed a second hypothetical question to the VE:

> ALJ: As the second hypothetical, assume I would find testimony—claimant's testimony to be completely credible, and find the impairments alleged supported by the medical evidence. Would there be any jobs that, that person could fulfill?
>
> VE: Not without significant accommodations due to his limited range of motion in his neck.

(TR. 44-45). At the third phase of step four, the ALJ ultimately found that Plaintiff could perform his past relevant work as a telemarketer (TR. 22). The ALJ then made an alternative step-five finding that Plaintiff could perform the jobs of bottling line attendant, siphon operator, and inspector and hand-packager (TR. 22).

## ANALYSIS

Plaintiff challenges the Commissioner's final decision based on the ALJ's failure to include all of Plaintiff's limitations in the first hypothetical question to the VE—the hypothetical question upon which the VE based her testimony that Plaintiff could perform one of his former jobs as well as three other jobs. This point is well-taken.

4

It has long been recognized in this circuit that "[h]ypothetical questions should be crafted carefully to reflect a claimant's RFC, as testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted); *see also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (noting "the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record").

In this case, the ALJ's RFC determination included "some limitation turning his neck from side to side." (TR. 20). The medical records support this limitation caused by Plaintiff's ankylosing spondylitis which the ALJ found to be a severe impairment at step two of the sequential evaluation. (TR. 14). As noted above, the ALJ's first hypothetical question to the VE did not include any postural limitations. (TR. 44). When the ALJ posed his second hypothetical question, asking the VE to assume that he, the ALJ, "would find … claimant's testimony to be completely credible," the VE responded that there would be no jobs a hypothetical person with all the limitations alleged by Plaintiff could perform "without significant accommodations." (TR. 45). The VE specified that it was Plaintiff's "limited range of motion in his neck" that would necessitate the "significant accommodations." (TR 45).

Plaintiff's attorney followed up with additional questions to the VE. One question was based on Plaintiff's testimony that the medications he takes results in loose bowels.

5

Plaintiff testified that because of his fused lower back, he is unable to clean himself without help or without taking a shower. (TR. 39). The VE answered in the affirmative when the attorney asked whether the "bathroom issue," which would necessitate unscheduled breaks, would preclude an individual from maintaining employment. (TR. 45).

In sum, the ALJ's failure to relate with precision all of Plaintiff's impairments in the hypothetical questions to the VE has resulted in a decision that is not supported by substantial evidence. On remand, the ALJ should formulate precise hypothetical questions that include all limitations found to exist and included in the ALJ's RFC determination.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the ALJ's decision is not supported by substantial evidence in the record. Thus, it is recommended that the decision of the Commissioner be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **September 2, 2014**. The parties

are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 19, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE