# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0783-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social, | ) | |
| Security Administration | ) | |
| | ) | |

## ORDER

Plaintiff's counsel has moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). He seeks an award of $21,773.22. The court previously reversed the determination of the Commissioner as to plaintiff's claim for disability insurance benefits and remanded the case for further proceedings. After further consideration on remand, the Commissioner determined plaintiff to have been disabled from November 24, 2009, and awarded him $111,092.90 in back benefits. $21,773.22 of that amount was withheld for payment of attorney's fees.

Plaintiff's counsel seeks the full amount withheld, which represents 25% of the past-due benefits, less amounts reserved for fees for the client representative before the agency. Counsel's representation of plaintiff was pursuant to a contingency contract which provides for a 25% contingency.

Although 42 U.S.C. § 406(b) authorizes contingent fee awards up to 25% of past-due benefits, it also "instructs courts to review for reasonableness fees yielded by [contingent fee] arrangements." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 809 (2002). That review may result

in reduction of the fee to less than the contingency amount in some situations, including where "the benefits are large in comparison to the amount of time counsel spent on the case . . . ."  Id. at 808.

Here, the court concludes the fees sought exceed a reasonable amount, taking into account all the relevant circumstances.  As noted above, the fees are consistent with the fee agreement, which is the starting place for the analysis.  The fee request was timely submitted and there is no basis here to question the quality of the services rendered by plaintiff's counsel.  However, the total time spent by plaintiff's law firm was 22.65 hours, and some portion of that was spent on the previous fee request under the Equal Access to Justice Act.[1]  The case was relatively straightforward and the briefing was not extensive.  The motion does not separately state attorney time and paralegal time, so the court is left to speculate how much of the 22.65 hours is due to attorney involvement.

Per Gisbrecht, a court may not determine reasonableness simply by determining a lodestar fee.  But, using the contingency fee arrangement as the starting place, it may consider the time spent and the lawyer's normal hourly rate as factors bearing on reasonableness.  Gisbrecht, 535 U.S. at 808.  Here, plaintiff's counsel does not indicate a standard hourly fee for himself, but references this court's determination in another case that $275 per hour is a reasonable baseline for use in evaluating reasonableness.  Gracey v.

---

[1] *The Commissioner suggests counsel spent 6.45 hours working on the EAJA application. Although plaintiff does not challenge that assertion (no reply brief was filed), the actual amount appears to be less.  The court authorized EAJA fees of $3941.10 [Doc. #19] at the time of the remand.*

Astrue, Case No. CIV-05-823-HE (W.D. Okla. Dec. 5, 2008). Granting the fee requested here, even assuming that the entirety of the time spent by the law firm was attorney time (i.e. not paralegal time), would result in an hourly rate of $961.29 per hour. Even making allowance for the contingent nature of the fee arrangement, that rate significantly exceeds the rule of thumb employed as a guide in Gracey.[2]

Taking into account all the factors bearing on the reasonableness determination, the court concludes a reasonable fee in this case is $14,800, which approximately represents an amount 2.5 times the assumed hourly rate as a guide and which assumes the time spent was mostly, though not entirely, that of an attorney rather than a paralegal.

Accordingly, plaintiff's counsel's motion for award of attorney's fees [Doc. #22] is **GRANTED.** The court approves an award of attorney's fees under 42 U.S.C. §406(b) in the amount of $14,800, payable to Miles L. Mitzner of Mitzner Law Firm. Counsel shall refund to the plaintiff the EAJA fee award in the amount of $3941.10.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2]*The court employed a factor of 2.5 times the hourly rate as a guide. Here, movant suggests 2.7 as the appropriate factor based on the contingent nature of the recovery, but that does not sufficiently reflect the impact of EAJA fees on reducing the risks involved.*